# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cr-953-PMD |
| ) | |
| v. ) | |
| ) | **ORDER** |
| German Canseco, ) | |
| a/k/a German Canseco Cruz, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant German Canseco's motion to change venue (ECF No. 37). Relying on Federal Rules of Criminal Procedure 12(b)(3)(A)(i), 18, and 21(b), Canseco argues this case should proceed in the Central District of California. For the reasons set below, the Court grants his motion.

## BACKGROUND

The grand jury in the District of South Carolina has indicted Canseco on charges that he committed identity fraud and submitted a stolen social security number and false documents when he applied for a passport in 2013. *See* 18 U.S.C. §§ 408(a)(7)(B), 1001(a)(2)–(3); 42 U.S.C. § 1028A(a)(1). According to the Government, Canseco submitted the application in person at a post office in Wilmington, California, which is in the Central District. The application then made its way to a processing center in Charleston, South Carolina, where two employees determined it contained evidence of fraud. The matter was referred to investigators in Los Angeles, which also is in the Central District. Agents thereafter separately interviewed Canseco and the identity-theft victim in cities within the Central District.

The Grand Jury in this District returned a four-count indictment against Canseco last December. The following month, he was arrested in California's Central District and then transported to South Carolina, where he remains in custody. He filed his motion to transfer on March 20. The Government filed a response in opposition on April 3. Thus, this matter is ripe for consideration.

## **DISCUSSION**

Assuming *arguendo* that venue is proper in this District for all of Canseco's charges, transfer under Rule 21(b) is nonetheless warranted. That rule gives courts the discretion to transfer cases to other venues "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b); *see United States v. Heaps*, 39 F.3d 479, 482 (4th Cir. 1994) (stating the decision is committed to the district court's discretion), *abrogated on other grounds by United States v. Cabrales*, 524 U.S. 1 (1998). A court considering a Rule 21(b) motion should consider the following factors:

> (1) location of the defendant; (2) location of the witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of the trial; (9) docket conditions in each district; and (10) any other specific element which might affect the transfer.

*Heaps*, 39 F.3d at 483 (citing *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964)).

Looking to the first factor, Canseco resides in the Central District city of Lomita, California. The Government counters that Canseco is currently in custody in South Carolina, but he is here only to face his charges. Because Canseco's presence here is an involuntary, isolated event,[1] the Court gives it little weight.

---

1. The only other apparent connection Conseco has to the District of South Carolina is that his passport application happened to be processed here.

As to the second factor, Rule 21(b) explicitly requires courts to consider the convenience of any victims in the case. The alleged victim lives within the Central District of California. Appearing for trial a few miles from home will be far more convenient to him than travelling across a continent. Meanwhile, the Government has identified only one witness who resides in South Carolina. The remaining identified Government witnesses are located in various places throughout the country and overseas, and the Government concedes it will not be unduly burdensome for them to travel to California. Canseco asserts that there are witnesses in California. Although it will be burdensome for one South Carolina witness to travel to California, the Court finds this factor ultimately favors Canseco.

Turning to the third and fourth factors, the connection to the Central District is strong. It is there that Canseco purportedly stole someone's identity and physically prepared and submitted the false application. Although the fraud was first discovered in South Carolina, the matter was then referred back to an office in Los Angeles for further investigation. Thus, many of the events at issue took place in the Central District; presumably, documents associated with those events are there, too. To the extent relevant documents are located here, the Government admits they can be readily sent to California.

Moving to the seventh factor, the Federal Public Defender's office represents Canseco here. The Government warns that transferring the case will result in a delay because Canseco will have to obtain a new attorney, who will then need time to become familiar with the case. However, as the Government contends, this case is not complex. Any delay from Canseco obtaining new counsel in California will likely be minimal.

The record does not contain information that the Court finds germane to any of the remaining factors.

## **CONCLUSION**

Based on consideration of the above factors, the Court finds that transfer under Rule 21(b) is warranted. It is therefore **ORDERED** that Canseco's motion is **GRANTED** and that this case shall be transferred to the United States District Court for the Central District of California.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 12, 2017**
**Charleston, South Carolina**